Dear Judge Dotson:
This office is in receipt of your opinion request in which you ask how long cases should continue pending in a justice of the peace court. You state that in one case a judgment debtor rule was served in 1989.
The Louisiana Code of Civil Procedure, in Articles 4911 to 4925, grants justice of the peace courts concurrent jurisdiction with district courts, allowing justice of the peace courts to act as trial courts under certain circumstances. Louisiana Civil Code of Procedure Article 561 establishes the time for an abandonment of action in a trial court. This article states as follows:
 Art. 561. Abandonment in trial and appellate court
 A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
(1) Which has been opened;
 (2) In which an administrator or executor has been appointed; or
(3) In which a testament has been probated.
 This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
 B. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
As a justice of the peace court is a trial court, the above article on abandonment is applicable to cases within your court. Thus, all cases within your court that have had no activity taken toward the litigation of the case within the last five years are subject to dismissal as abandoned suits, with the exception of succession suits, over which a justice of the peace has no jurisdiction. For a suit to be considered abandoned, a party or other interested person must make a motion to the court. We have found no provision which allows a justice of the peace to dismiss a suit for abandonment without such a motion. However, note that the periods strictly depend on the date or time of the last action was taken in the case, and any action or filing within the matter would interrupt the five year period.
Regarding the validity of judgments and judgment debtor rules, the Louisiana Civil Code Article 3501 provides for the prescription and revival of money judgments and states as follows:
 Art. 3501. Prescription and revival of money judgments
 A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final.
 An action to enforce a money judgment rendered by a court of another state or a possession of the United States, or of a foreign country, is barred by the lapse of ten years from its rendition; but such a judgment is not enforceable in this state if it is prescribed, barred by the statute of limitations, or is otherwise unenforceable under the laws of the jurisdiction in which it was rendered.
 Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this Article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.
Louisiana Code of Civil Procedure Article 2031 allows money judgments to be revived and states as follows:
Art. 2031. Revival of judgments
 A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
 The judgment debtor shall be made a defendant in the proceedings to revive the judgment, unless he is dead, in which event his legal representative or legal successor shall be made a defendant.
 A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived.
Given the above ten year validity of judgments, a judgment debtor rule filed on a judgment which is either less than ten years old or which has been revived, is valid and may be executed upon.
In conclusion, cases in which there have been no activity towards the prosecution or defense of these cases for a period of five years may be considered abandoned and are subject to dismissal upon a motion by a party or interested person, with the exception of succession suits. A money judgment rendered is valid for a period of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, is prescribed by the lapse of ten years from the time the judgment becomes final. These judgments may be revived at any time before they prescribe. A judgment debtor rule filed on a judgment that is still valid is a valid judgment debtor rule and may be executed upon by the justice of the peace.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ J. Richard Williams Assistant Attorney General
RPI/JRW/jlg
DATE RECEIVED: DATE RELEASED:
J. Richard Williams Assistant Attorney General